Segal v Rethink Capital Partners, Inc. (2025 NY Slip Op 50956(U))

[*1]

Segal v Rethink Capital Partners, Inc.

2025 NY Slip Op 50956(U)

Decided on June 9, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 9, 2025
Supreme Court, Westchester County

Richard D. Segal, Plaintiff,

against
Rethink Capital Partners, Inc., DOUGLAS F. RAY, 
 JONATHAN L. WINER, MICHAEL WALDEN, SHAK CHOWDHURY, and ANDERSON TAX, LLC, Defendants.

Index No. 74512/2024

Nelson Mullins et al.
Attorneys for Plaintiff
330 Madison Avenue, 27th Floor 
New York, NY 10017 
Yankwitt LLP 
Attorneys for Defendant Andersen Tax, LLC
140 Grand Street, Suite 705 
White Plains, New York 10601 
Clarick Gueron et al. 
Attorneys for Defendants Rethink Capital Partners, Inc., Douglas F. Ray, Jonathan L. Winer, Michael Walden, and Shak Chowdhury
41 Madison Avenue, 23rd Floor 
New York, New York 10010 
and
Gibson, Dunn et al.
200 Park Avenue
New York, New York 10166

Linda S. Jamieson, J.

The following papers numbered 1 to 10 were read on this motion:
Paper              
Number
Notice of Motion, Affirmation and Exhibits 1
Memorandum of Law Statement of Material Facts 3
Memorandum of Law in Opposition 4
Affirmations and Exhibits in Opposition 5
Memorandum of Law in Opposition 6
Response to Statement of Material Facts 7
Affirmations and Exhibits in Reply 8
Response to Response to Statement of Material Facts 9
Memorandum of Law in Reply 10
Plaintiff brings his motion seeking (1) an Order enforcing this Court's April 10, 2025 Decision and Order (the "Decision"), or in the alternative, (2) an Order reinstating the complaint or the declaratory judgment claim and granting summary judgment declaring the Andersen valuation invalid. In the Decision, the Court granted defendant Andersen Tax, LLC's ("Andersen") motion seeking to dismiss the complaint.
In the Decision, the Court examined the relevant section of the Operating Agreement, 10.6(c). It quoted the relevant language:
The purchase price ("Purchase Price") of an affected Class A Membership Interest to be purchased and sold pursuant to this Section 10.6 (the "Affected Class A Membership Interest") shall be the fair value of the Affected Class A Membership Interest immediately following the Purchase Event as determined by an independent valuation expert who is experienced in valuing companies such as the Company who is mutually agreed upon by the Manager and the selling Class A Member to promptly prepare a written report of his determination (the "Valuation Report"). In the event that the Manager and the selling Class A Member cannot agree upon a valuation expert meeting the above criteria within thirty (30) days following the Purchase Event, each of the Manager and the selling Class A Member shall promptly select a valuation expert who meets the above criteria, and such valuation experts shall jointly select a third valuation expert who meets the above criteria, and such third valuation expert (and only such third valuation expert) shall be directed by the Manager and the selling Class A Member to prepare the Valuation Report. . . .
(Emphasis in bold added.). 
Based on the allegations of the complaint, the Court concluded that "None of the facts alleged by plaintiff suggests that the procedure set forth above was followed. There is no allegation that Andersen was 'mutually agreed upon' by plaintiff and defendants. Nor is there any allegation that each side 'promptly select[ed] a valuation expert . . . and such valuation experts shall jointly select a third valuation expert' to be the only one to prepare the Valuation Report. Indeed, a review of the complaint shows that according to plaintiff, Andersen was hired solely by the Company, without any input from him whatever. That is the crux of his complaint." The Court further found that according to the complaint, it was "clear" that "Andersen was not the valuation expert contemplated by section 10.6(c) of the Operating Agreement." 
As a result, the Court concluded in the Decision, "A reasonable view of the facts alleged demonstrates that plaintiff cannot recover any damages based on the Andersen valuation. This is not because plaintiff may not have valid claims against defendants — a finding which the Court [*2]cannot make at this juncture — but because the Andersen valuation simply cannot be the operative valuation, as it was not obtained in accordance with Section 10.6(c) of the Operating Agreement." 
The Court held that "(1) the Andersen valuation cannot be used to value plaintiff's interests; (2) the parties must refer to the Operating Agreement to obtain a new valuation that complies strictly with section 10.6(c); and (3) this action must be dismissed, as it is based on a valuation that was not procedurally proper. This dismissal is without prejudice, so that plaintiff may assert his claims again, if he wishes, once a procedurally proper valuation is obtained."
It turns out, according to the documents submitted to the Court on this motion, that perhaps some of the allegations set forth in the complaint were not entirely accurate. At this juncture, it appears that while plaintiff did, in fact, consent to Andersen being hired, the valuation may not have proceeded as the Operating Agreement contemplated. This is a factual finding that the Court cannot make in an action that has been dismissed. Instead, the Court reviews the procedural posture of this matter.
The Court dismissed the action, based on a finding that the Andersen valuation did not comply with the directives of the Operating Agreement. The Court directed the parties to obtain a new valuation that complies in all respects with the Operating Agreement. It appears that this has not occurred. It further appears that although plaintiff maintains that the Andersen valuation proceeded improperly, defendants do not necessarily concur. Again, this is not a factual finding that the Court can make.
The Court cannot order the parties to do anything in this dismissed action. All that it can do is direct the parties to comply in all essentials with their agreements. As the Court dismissed the complaint without prejudice, plaintiff has multiple remedies available to him should he decide to commence a new action.
The foregoing constitutes the decision and order of the Court.
Dated: June 9, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court